**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **Plaintiff,** | ) | **No. 03-20136-01-KHV** |
| **v.** | ) | |
| | ) | **CIVIL ACTION** |
| **MANUEL GONZALEZ,** | ) | **No. 16-2286-KHV** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On March 8, 2004, the Court sentenced defendant to 57 months in prison. This matter is before the Court on defendant's Petition For A Writ Of Coram Nobis Pursuant To 28 U.S.C. § 1651 (Doc. #41) filed May 26, 2015. For reasons stated below, the Court sustains defendant's motion and vacates his conviction.

**Factual Background**

On September 18, 2003, a grand jury charged Manuel Gonzalez with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] See Indictment (Doc. #1). On December 15, 2003, defendant pled guilty. On March 8, 2004, the Court sentenced defendant to 57 months in prison and three years of supervised release. Defendant did not appeal or file any motion to vacate his conviction under 28 U.S.C. § 2255.[2] Defendant served his sentence and is no longer in custody.

---

[1] Section 922(g)(1) provides that a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year cannot possess a firearm. 18 U.S.C. § 922(g)(1). What constitutes a conviction of such a crime is determined under the law of the jurisdiction in which the prior proceedings were held. 18 U.S.C. § 921(a)(20). The indictment alleged that defendant had a prior felony conviction for attempted aggravated battery. In 2001, the Wyandotte County, Kansas District Court sentenced defendant to six months in prison on that charge. The presumptive sentencing range under the Kansas Sentencing Guidelines was five to seven months.

[2] On September 16, 2010, the Court revoked defendant's supervised release and sentenced (continued...)

In light of United States v. Brooks, 751 F.3d 1204, 1213 (10th Cir. 2014),[3] the parties agree that defendant's prior conviction no longer qualifies as a predicate felony under Section 922(g)(1) and that he is actually innocent of the charge in this case. Defendant asks the Court to issue a writ of coram nobis and vacate his conviction.

## Analysis

A writ of error coram nobis is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice. 28 U.S.C. § 1651(a); United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994). A defendant may seek a writ of coram nobis if he is no longer in custody and therefore ineligible for habeas corpus relief under 28 U.S.C. § 2255. United States v. Estrada, 580 F. App'x 672, 673 (10th Cir. 2014) (citing Chaidez v. United States, ___ U.S. ____, 133 S. Ct. 1103, 1106 n.1 (2013)). To obtain relief, petitioner must demonstrate that (1) he diligently pursued the claim, (2) other remedies are unavailable or inadequate, and (3) a fundamental error, i.e. the error resulted in a complete miscarriage of justice, has occurred. United States v. Thody, 460 F. App'x 776, 778 (10th Cir. 2012) (citing United States v. Morgan, 346 U.S. 502, 511-12 (1954) and Embrey v. United States, 240 F. App'x 791, 793-94 (10th Cir. 2007)).

### I. Diligence In Asserting Claim

The government does not assert that lack of diligence bars defendant's claim, but that the Court should consider his delay in deciding whether defendant has shown a "fundamental error" that warrants

---

[2](...continued)
him to 22 months in prison and one year of supervised release.

[3] In Brooks, the Tenth Circuit held that under the career offender sentencing guideline, "the maximum amount of prison time a particular defendant could have received controls, rather than the amount of time the worst imaginable recidivist could have received." 751 F.3d at 1213. As applied to the Kansas Sentencing Guidelines, the high end of the presumptive range generally controls.

relief. Response To Defendant's Petition For Writ Of Coram Nobis (Doc. #46) at 1 (because defendant did not assert claim before he pled guilty, on direct appeal or in Section 2255 motion, he has not shown "error of a fundamental character" that justifies writ of coram nobis). Before addressing how defendant's delay in asserting his claim impacts the merits of his claim, the Court examines whether defendant has exercised diligence in bringing his claim or if he qualifies for some exception to this prerequisite to relief.

Coram nobis relief is available only if defendant demonstrates that he exercised due diligence in raising the issue and that the information used to challenge the sentence or conviction was not previously available to him. United States v. Klein, 880 F.2d 250, 254 (10th Cir. 1999); see Embrey, 240 F. App'x at 794; see also United States v. Robinson, 597 F. App'x 551, 552 (10th Cir. 2015) (exercise of due diligence is prerequisite to relief). Defendant cannot use the writ of coram nobis to raise issues that could have been raised on direct appeal or in a motion under 28 U.S.C. § 2255. See Embrey, 240 F. App'x at 794; United States v. Stefanoff, 149 F.3d 1192 (Table), 1998 WL 327888, at *2 (10th Cir. June 22, 1998). In other words, the writ is available only when other remedies and forms of relief are unavailable or inadequate. Embrey, 240 F. App'x at 794; see also United States v. Perceval, 563 F. App'x 592, 594 (10th Cir. 2014) (defendant not entitled to relief because remedies of direct appeal and Section 2255 were adequate); United States v. Vasquez, 515 F. App'x 757, 758 (10th Cir. 2013) (because defendant failed to show he could not have raised claims in Section 2255 motion, he cannot challenge conviction or sentence through writ of coram nobis). The fact that defendant did not pursue relief on direct appeal or in a collateral motion does not make the remedy unavailable.

Here, defendant did not file an appeal or a motion to vacate his conviction under Section 2255. He certainly could have raised such a claim and Tenth Circuit precedent (at least for some three years

from 2005 through 2008) actually supported such a claim.[4] Defendant apparently argues that he is not required to show that he diligently pursued his claim because he is "actually innocent" of the charged offense. Reply To The Government's Response In Opposition To The Defendant's Petition For A Writ Of Coram Nobis (Doc. #48) at 5. The "actual innocence" exception ordinarily applies to habeas actions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §§ 2241-55, and it does not directly excuse untimely petitions for common law relief such as writs of coram nobis. McQuiggin v. Perkins, ___ U.S. ____, 133 S. Ct. 1924, 1935 (2013). Even so, the government acknowledges that defendant's "actual innocence" would excuse his failure to timely assert his claim. See Response To Defendant's Petition For Writ Of Coram Nobis (Doc. #46) at 8 (because defendant failed to show cause for failure to timely raise issue, he must show actual innocence under Bousley v. United States, 523 U.S. 614 (1998)). In addition, the Court recently granted at least two joint requests for coram nobis relief based solely on a defendant's showing of actual innocence under Brooks. See United States v. Hill, No. 06-20071-KHV, Doc. #57; United States v. Yoakum, No. 06-20130-KHV,

---

[4] For nearly three years starting in October of 2005, Tenth Circuit law provided that in determining whether a conviction under Kansas law qualified as a felony, district courts must calculate the maximum sentence by focusing on the maximum presumptive sentence under the Kansas guidelines, not the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history. Compare United States v. Plakio, 433 F.3d 692 (10th Cir. Oct. 3, 2005) with United States v. Hill, 539 F.3d 1213 (10th Cir. Aug. 22, 2008). In August of 2008, in Hill, the Tenth Circuit overruled Plakio. Hill held that district courts must calculate the maximum sentence by applying the most severe recidivist increase possible under the statute of conviction even if that increase does not apply to a particular defendant. See Brooks, 751 F.3d at 1210; Hill, 539 F.3d at 1218. In 2014, after the Supreme Court decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), the Tenth Circuit changed course again and held that Hill no longer controls. In Brooks, the Tenth Circuit essentially reverted back to its prior precedent in Plakio. Brooks, 751 F.3d at 1211.

Doc. #74.[5] Finally, if defendant were still in federal custody, he would be entitled to equitable tolling of the statutory deadline under Section 2255(f)(3) based solely on a showing that he is actually innocent.[6] Because defendant is no longer in custody and cannot obtain relief through a Section 2255 motion, he should be able to seek comparable relief through the writ of coram nobis. See United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002) (writ of error coram nobis acts as assurance that deserved relief will not be denied because of technical limitations of other post-conviction remedies); Restrepo v. United States, No. 12-3517-JBS, 2012 WL 5471151, at *9 (D.N.J. Nov. 8, 2012) (actual innocence constitutes extraordinary case that can negate procedural default of coram nobis petition); see also Rivas v. Fischer, 687 F.3d 514, 539-40 (2d Cir. 2012) (claim of actual innocence falls under equitable exception to limitations period, permitting review of habeas petition notwithstanding otherwise unexcused delay in filing). But cf. Morgan, 346 U.S. at 512 (district court should consider writ of

---

[5] Other judges in the District of Kansas have also granted coram nobis relief on this same ground based solely on defendant's showing of actual innocence. See also United States v. Franklin, D. Kan. No. 10-cr-10142-JTM, Doc. #79; United States v. Thille, D. Kan. No. 10-cr-40128-RDR, Doc. #44; United States v. Whaley, No. 07-10119-MLB, Doc. #24; United States v. Wehlage, D. Kan. No. 05-40057-SAC, Doc. #32; United States v. McMillon, No. 04-40042-SAC, Doc. #36; United States v. Lucas, D. Kan. No. 04-40113-JAR, Doc. #23; United States v. Jones, No. 07-20117-JWL, Doc. #38; United States v. Chandler, D. Kan. No. 04-10195-MLB, Doc. #31; United States v. Thomas, D. Kan. No. 04-10064-MLB, Doc. #47.

[6] Under AEDPA, a claim of actual innocence may be a ground for equitable tolling of the limitations period. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (AEDPA statute of limitations subject to equitable tolling only in rare and exceptional circumstances such as when prisoner "actually innocent"). Actual innocence in this regard means factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); see Sawyer v. Whitley, 505 U.S. 333, 339 (1992). Cf. United States v. Burks, No. 15-5103, 2016 WL 1178821, at *1 (10th Cir. Mar. 28, 2016) (defendant not entitled to coram nobis relief on claim of actual innocence of career offender enhancement because claim based on legal classification of underlying convictions, rather than actual innocence). Here, the government concedes that because his prior state conviction does not qualify as a felony offense, defendant is factually innocent of the charged offense of being a felon in possession of a firearm.

coram nobis where no other remedy available and "sound reasons" existed for failure to seek appropriate earlier relief); Robinson, 597 F. App'x at 552 (exercise of due diligence is procedural prerequisite to relief); Martinez-Arellano v. United States, 345 F. App'x 379, 381 (10th Cir. 2009) (coram nobis relief unavailable because claims already rejected or could have been raised earlier); United States v. Pearl, 288 F. App'x 651, 653 (11th Cir. 2008) (district court may consider coram nobis petitions only where petitioner presents "sound reasons" for failing to seek relief earlier).

For reasons stated above, the Court finds that defendant's lack of diligence in pursing his claim does not bar the present motion for a writ of coram nobis.

**II. Nature Of Alleged Error**

The government argues that defendant is not entitled to coram nobis relief because he has not shown a fundamental error. A fundamental error occurs where a defendant stands convicted of conduct that is not criminal. See United States v. Stoneman, 870 F.2d 102, 105 (3d Cir. 1989) (if defendant convicted and punished for act that law does not make criminal, proceeding "inherently results in a complete miscarriage of justice" and presents "exceptional circumstances" that justify collateral relief) (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)).

As noted above, the government concedes that defendant is actually innocent of the charge of being a felon in possession of a firearm. Even so, the government argues that to establish a "fundamental error," defendant must show that he is actually innocent "not only of his original conviction but also of the charges available to be pursued when the indictment was returned." Response To Defendant's Petition For Writ Of Coram Nobis (Doc. #46) at 8 (citing Bousley v. United States, 523 U.S. 614 (1998)). Initially, the Court notes that the government's argument is directly contrary to its position in at least two other recent cases where it agreed to coram nobis relief despite

the fact that it had dismissed other charges as part of the plea agreement.[7] In any event, Bousely does not require this defendant to show that he was actually innocent of any charges other than the count of conviction. In Bousley, the Supreme Court stated as follows:

> It is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339, 112 S. Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992). In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy and would not normally have been offered before our decision in Bailey. *In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges*.

Bousley, 523 U.S. at 623-24 (emphasis added) (footnote omitted). Here, the government maintains that it could have prosecuted defendant for unlawfully possessing a sawed-off shotgun. Bousley does not require defendant to show that he is actually innocent of every conceivable charge. United States v. Duarte-Rosas, 221 F. App'x 521, 522 (9th Cir. 2007) (petitioner not required to show actual innocence of other charges government could have brought); United States v. Lynch, 807 F. Supp.2d 224, 231 (E.D. Pa. 2011) (same). Instead, under Bousley, defendant must show that he is actually innocent of the charge of conviction and any more serious charges that the government agreed not to pursue "in the course of the plea bargaining." Bousley, 523 U.S. at 623-24. Because the government never charged defendant with unlawfully possessing a sawed-off shotgun and the factual basis of defendant's plea

---

[7] See United States v. Thomas, No. 04-10064-MLB: Agreed Order Granting Petition For A Writ Of Coram Nobis (Doc. #47 filed June 18, 2015), Plea Agreement (Doc. #20) (agreement included dismissal of charge under 18 U.S.C. § 922(g)(9) for firearm possession after misdemeanor conviction of domestic violence) and Indictment (Doc. #1) and United States v. Lucas, No. 04-40113-01-JAR: Agreed Order Granting Petition For A Writ Of Coram Nobis (Doc. #23 filed December 8, 2014), Plea Agreement (Doc. #15) (agreement included dismissal of three related charges) and Indictment (Doc. #1).

does not include all of the elements of such an offense,[8] he is not required to show that he is actually innocent of that potential charge.

The government also argues that in determining whether defendant has shown an "error of a fundamental character," the Court should consider defendant's delay in asserting his claim. Response To Defendant's Petition For Writ Of Coram Nobis (Doc. #46) at 1. The Supreme Court has noted that unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing of actual innocence. McQuiggin, 133 S. Ct. at 1935. This rule is aimed at defendants who "lie in wait and use stale evidence" to collaterally attack their conviction. Id. In the context of the present case, however, where the government concedes that defendant is actually innocent of the charge, defendant's delay is irrelevant to the significance of the actual error. As explained above, because defendant stands convicted of conduct that is not criminal, he has established an error of a fundamental character.

The government has not shown any other potential ground to deny relief in this matter. As explained above, in light of the Tenth Circuit decision in Brooks, although defendant possessed a firearm as charged, he was not a felon for purposes of 18 U.S.C. § 922(g)(1). Because defendant is actually innocent of the charge and he is no longer in federal custody, he is entitled to the extraordinary relief of a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651.

**IT IS THEREFORE ORDERED** that defendant's Petition For A Writ Of Coram Nobis Pursuant To 28 U.S.C. § 1651 (Doc. #41) filed May 26, 2015 be and hereby is **SUSTAINED**. **The Court hereby VACATES defendant's conviction in this case.**

---

[8] In particular, the factual basis of the plea does not establish that the shotgun was not registered with the National Firearms Registration and Transfer Record. See Response To Defendant's Petition For Writ Of Coram Nobis (Doc. #46) at 2-3.

Dated this 24th day of May, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge